UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KELSO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00035-JMS-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Christopher Kelso, a federal inmate previously confined in this district, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Kelso asserts that his sentence for conspiring to distribute cocaine was improperly enhanced because his prior Alabama felony drug convictions do not qualify as predicate offenses under 21 U.S.C. § 841(b)(1) and § 851 after *Mathis v. United States*, 136 S. Ct. 2243 (2016). For the reasons explained below, his petition is **denied**.

**I. Factual and Procedural Background**

In 2009, Mr. Kelso was convicted by a jury in the Eastern District of Tennessee of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1)(A), and 841(b)(1)(B) (Count One); and conspiracy to commit financial transactions involving the proceeds of an unlawful activity (i.e., money laundering), in violation of 18 U.S.C. § 1956(h) and (a)(1)(A)(i) (Count Two). *United States v. Kelso*, No. 3:06-cr-00147-TAV-HBG-6 (E.D. Tenn. 2008) (hereinafter "Crim. Dkt."); *United States v. Kelso*, 468 F. App'x 551, 553 (6th Cir. 2012). Final Judgment was entered December 10, 2009. Crim. Dkt. 385.

The United States filed an information under 21 U.S.C. § 851 listing three prior felony drug convictions imposed on November 12, 1992, by the Circuit Court of Morgan County, Alabama, in case numbers CC-1991-441, CC-1991-728, and CC-1992-224. Crim. Dkt. 124. The § 851 Information stated:

> In support of this notice, the United States represents and alleges that defendant was convicted and sentenced in the Circuit Court of Morgan County, Alabama, in case number CC-1991-441 on November 12, 1992, for the felony offense of unlawful possession of controlled substance; defendant was convicted and sentenced in the Circuit Court of Morgan County, Alabama, in case number CC-1991-728 on November 12, 1992, for the felony offense of unlawful possession of controlled substance; and, defendant was convicted and sentenced in the Circuit Court of Morgan County, Alabama, in case number CC-1992-224 on November 12, 1992, for the felony offense of unlawful possession of controlled substance.

Crim. Dkt. 124 at p. 1-2.

Based upon a finding that Mr. Kelso had three prior felony drug convictions in Alabama, Mr. Kelso was subject to a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A) (eff. Apr. 15, 2009 to Aug. 2, 2010). The district court ultimately imposed a life sentence on Count One and a 240-month term of imprisonment on Count Two, to be served concurrently. *See* Crim. Dkt. 402, p. 52; Crim. Dkt. 385. Mr. Kelso's convictions were affirmed on appeal. *Kelso*, 468 F. App'x at 557.

Mr. Kelso now seeks relief under § 2241 challenging his life sentence for Count One. The United States responded, dkt 12, and counsel was appointed to file a reply on behalf of Mr. Kelso. Dkts. 14-16. Appointed counsel was specifically asked to address "whether *Mathis* is retroactive where the United States does not concede this point, what substantive law applies to the petitioner's claims, and whether under that substantive law Mr. Kelso would be entitled to relief." Dkt. 14 at

p. 1. The United States filed a surreply addressing the new arguments raised in the reply and pro se supplemental reply. Dkts. 17 and 20.

## II.  Section 2241 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Id.* (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1]

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

### III. Discussion

Citing *Mathis*, Mr. Kelso challenges his enhanced sentence arguing that his three prior Alabama drug convictions no longer qualify as "felony drug offenses" under §§ 841(b)(1) and 851. He therefore concludes that his sentence on Count One was improperly enhanced. *See* dkt. 1. Mr. Kelso seeks to be resentenced without the recidivist enhancement provided under §§ 841(b)(1) and 851. Dkt. 2, p. 18. Whether the § 2241 petition meets the three requirements to invoke the savings clause of § 2255(e) is discussed below.

    A.    **Statutory-Interpretation Case**

First, as previously mentioned, Mr. Kelso's § 2241 petition relies on *Mathis*. "That case reiterated that (1) the modified categorical approach applies only to divisible offenses, and (2) a

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

4

state statute that lists alternative means, as opposed to elements, of committing the state offense defines a single, indivisible offense for the categorical analysis." *Plunkett v. Sproul*, 16 F.4th 248, 251 (7th Cir. 2021) (citing *Mathis,* 136 S. Ct. at 2248, 2253, 2257). The Seventh Circuit has held that the categorical approach set forth in *Mathis* applies to determine whether a state law drug conviction is a "felony drug offense" as defined under § 802(44). *United States v. Elder*, 900 F.3d 491, 501 (7th Cir. 2018). The categorical approach "focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of [the] generic [crime], while ignoring the particular facts of the case." *Mathis*, 136 S. Ct. at 2248.

*Mathis* is a case of statutory interpretation, such that Mr. Kelso could not raise the issue in a successive § 2255 motion. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation"); *United States v. Bess*, 655 F. App'x 518 (8th Cir. 2016) (recognizing that *Mathis* inquiry was "whether the statutory alternatives were means or elements"). Accordingly, the Court finds Mr. Kelso meets the first savings clause requirement.

    **B.**    **Retroactivity**

The United States argues that *Mathis* is not retroactive. In support, it cites *Sotelo v. United States*, 922 F.3d 848, 854 (7th Cir. 2019), a case brought pursuant to 28 U.S.C. § 2255, for the holding that *Mathis* does not offer an independent retroactive decision permitting a collateral attack.

Admittedly, the Seventh Circuit "has not always taken a uniform approach to answering questions about *Mathis*'s retroactivity." *Plunkett*, 16 F.4th at 254 (proceeding on assumption that *Mathis* applies retroactively on collateral review). It has, however, stated that *Mathis* presumptively applies retroactively on collateral review. *Chazen v. Marske*, 938 F.3d 851, 861

5

(7th Cir. 2019) (stating that the Seventh Circuit has "suggested (without deciding) that *Mathis* is retroactive"); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) (observing that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review"). In *Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019), the Seventh Circuit stated that it "found that '*Mathis* can provide the basis for [a] § 2241 petition ... under the Armed Career Criminal Act' because the sentence at issue mandated a minimum sentence of incarceration." *Id.* (quoting *Chazen*, 938 F.3d at 862). Because this Court accepts the Seventh Circuit's presumption of retroactivity, the third saving clause factor is now considered.

### C.    Miscarriage of Justice

The final question is whether there has been a miscarriage of justice as a result of imposing a mandatory life sentence on Mr. Kelso as a result of his three prior Alabama felony drug convictions pursuant to § 841(b)(1)(A) (eff. Apr. 15, 2009 to Aug. 2, 2010). According to Mr. Kelso, the increased statutory minimum sentence was erroneously applied causing him to suffer a miscarriage of justice because it resulted in an increased sentence. This question folds into the merits of whether Mr. Kelso's 1992 Alabama felony drug convictions are predicate offenses under § 841(b)(1). The parties take no position on whether the answer to this question should come from the law of the Seventh Circuit (the circuit of confinement at the time the habeas petition was filed) or the Sixth Circuit (the circuit of conviction), instead they both contend that the law of either circuit supports their desired outcome. Dkt. 12 at p. 8; and dkt. 16 at p. 4.

Both parties agree that the Seventh Circuit has not answered this question. *See Chazen* , 938 F.3d at 865  ("We have never decided the issue, but district courts confronting it have concluded that the law of the circuit of conviction applies."); *Shepard*, 911 F.3d at 863 (noting that

6

the parties had briefed the issue of which circuit's law applied, but bypassing the procedural issue as the Seventh Circuit agreed with the circuit of conviction's previous conclusion).

This district court has, however, concluded that the law of the circuit of conviction should govern this analysis. *See Cano v. Warden, USP Terre Haute*, No. 2:17-cv-00441-JMS-MJD, dkt. 24 at p. 5; 2018 WL 3389746, at *3 (S.D. Ind. Jul. 12, 2018) (applying the law of the circuit of conviction); *O'Neal v. Kruger*, 2:18-cv-00306-JPH-MJD, 2020 WL 4207753 at *4-5 (S.D. Ind. July 22, 2020) (applying the law of the circuit of conviction and recognizing that the Sixth Circuit does not apply *Mathis* to sentence enhancements imposed under § 841(b)(1) (citing cases)). *See also Holmes v. Hudson*, No. 19 C 50154, 2020 WL 5530116, at *2 (N.D. Ill. Sept. 15, 2020) (*citing Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019), which holds that the circuit of confinement's law governs application of § 2255(e) and, if the petitioner qualifies under the savings clause, the circuit of conviction's law governs the merits of the § 2241 petition).

In line with these decisions and the reasons set forth in Judge Barrett's concurrence in *Chazen*, 938 F.3d at 863-66, this Court concludes that the law of the circuit of conviction governs the merits of the § 2241 petition. This approach will promote consistency within Mr. Kelso's challenges to his conviction and sentence and avoid inter-circuit conflict on matters within the same case. The transient nature of a § 2241 petitioner's incarceration is another reason to apply the substantive law of the court of conviction rather than the court of incarceration. Mr. Kelso was convicted in a district court within the Sixth Circuit, filed his § 2241 petition in this district while designated to a BOP facility within the Seventh Circuit and later transferred to another BOP facility within yet another federal judicial circuit. It would not be prudent to apply the substantive law of the court of incarceration under such circumstances.

Under Sixth Circuit law, no miscarriage of justice occurred in this case. Mr. Kelso was sentenced to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). When Mr. Kelso was sentenced, the applicable version of § 841 provided in relevant part that, "[i]f any person commits [a violation of this section] after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment." 21 U.S.C. § 841(b)(1)(A) (eff. Apr. 15, 2009 to Aug. 2, 2010). The term "felony drug offense" in 21 U.S.C. § 841(b)(1) is defined exclusively by 21 U.S.C. § 802(44). *Burgess v. United States*, 553 U.S. 124, 130 (2008); *see also United States v. Graham*, 622 F.3d 445, 456 (6th Cir. 2010). It is defined as a prior state or federal offense that (1) "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances" and (2) is punishable by more than one year in prison. 21 U.S.C. § 802(44).

When determining whether a prior conviction constitutes a "felony drug offense" under § 802(44), the Sixth Circuit does not utilize the categorical approach. *Meeks v. Kizziah*, No. 20-5420, 2020 WL 9396243, at *2 (6th Cir. Dec. 15, 2020) (citing Sixth Circuit caselaw). "To qualify as a 'felony drug offense' under § 841, no detailed comparison of elements is required. Rather, the enhancement is appropriate if the prior state or federal offense (1) is punishable by more than one year in prison, and (2) it 'prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.'" *Meeks*, 2020 WL 9396243, at *2 (quoting § 802(44)); *see also Hernandez v. Ormond*, No. 17-81-DLB, 2017 WL 4124176, *3 (E.D. Ky. Sept. 18, 2017) ("To qualify as a 'felony drug offense,' no detailed comparison of elements is required.").

At the time Mr. Kelso was charged and sentenced, he had three qualifying felony offenses. A qualifying felony includes a crime that involves cocaine and is punishable by more than one year of imprisonment. 21 U.S.C. § 802(44). Mr. Kelso's Alabama drug convictions pursuant to Alabama Code § 13A-12-212 hit both marks—cocaine possession and a sentence in excess of a year. He pleaded guilty to possession of cocaine and was sentenced to 10 years incarceration in CC-1991-441 (dkt. 12-1 at p. 1-2), CC-1991-728 (dkt. 12-3 at p. 13-14), and CC-1992-224 (dkt. 12-5 at p. 3-4).

In other words, because Mr. Kelso's prior offenses for possession of controlled substances "relate[d] to" conduct involving drugs, his sentence was not improperly enhanced. *See United States v. Grayson*, 731 F.3d 605, 606-08 (6th Cir. 2013); *United States v. Soto*, 8 F. App'x 535, 540-41 (6th Cir. 2001). Thus, under Sixth Circuit law, there was no error in taking these felonies into consideration when calculating Mr. Kelso's sentence. *See United States v. Jackson*, 995 F.3d 476, 484 (6th Cir. 2021). In the absence of any error, there can be no miscarriage of justice. *Rose vs. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.").

### D. First Step Act

In reply, Mr. Kelso's attorney does not argue that he is entitled to relief under *Mathis*. Instead, he argues that there has been a miscarriage of justice because if Mr. Kelso were sentenced today, his sentence would be much lower as a result of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). He concludes, "[r]ather than serve a life sentence, Mr. Kelso should be given a reduced sentence that is more in line with the current law."

Dkt. 16 at p. 5. This argument must be summarily rejected, because unlike *Mathis,* the First Step Act is not a retroactive rule of statutory interpretation. *See United States v. Jackson*, 940 F.3d 347, 353 (7th Cir. 2019) (§ 401 of the First Step Act is not retroactive); Pub. L. No. 115-391, Sec. 401(c). The United States correctly notes that any relief pursuant to the First Step Act should be pursued in the sentencing court. *See United States v. Sutton*, 962 F.3d 979, 981-84 (7th Cir. 2020).

### IV.   Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 11/22/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov